UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

EMIRO A. VARGAS,
and other similarly situated individuals,

    Plaintiff (s),

v.

D C AUTO WHOLE SALE CORP,
JOSE DIAZ, and JODY E. DIAZ,
Individually,

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff EMIRO A. VARGAS, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants D C AUTO WHOLE SALE CORP, JOSE DIAZ, and JODY E. DIAZ, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

3. Plaintiff EMIRO A. VARGAS (hereinafter EMIRO A. VARGAS, or Plaintiff) is a resident of Broward County, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

4. Defendant D C AUTO WHOLE SALE CORP (hereinafter D C AUTO WHOLESALE, or Defendant) is a Florida corporation with corporate offices in Hollywood, Broward County, Florida, FL, within the jurisdiction of this Court.  At all times, Defendant was and is engaged in interstate commerce.

5. The individual Defendants JOSE DIAZ, and JODY E. DIAZ were and are now the owners/partners and manager of Defendant Corporation D C AUTO WHOLESALE. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Broward County, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempted duties, at all premises of D C AUTO WHOLESALE, in furtherance of the business of Defendants, and who worked

more than forty hours (40) during one or more weeks within the material time, without being paid minimum wages and overtime hours at the rate of time and one-half their regular rate ("the overtime rate"), pursuant the FLSA.

9. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by the equity of by law.

10. Corporate Defendant D C AUTO WHOLESALE is an Auto Body Repair and Painting business providing general auto mechanic services. Defendant has facilities located at 2800 N 30 Avenue, Suite B, Hollywood, FL 33020, where Plaintiff worked.

11. Defendants D C AUTO WHOLESALE, JOSE DIAZ, and JODY E. DIAZ employed Plaintiff EMIRO A. VARGAS as a non-exempted, full-time, hourly employee from on or about December 01, 2020, to May 08, 2021, or 22 weeks.

12. Plaintiff was hired as a non-exempted auto body shop laborer, painter, and mechanic employee. Plaintiff's wage rate was $19.00 an hour. Plaintiff's overtime rate should be $28.50 an hour.

13. During his employment with Defendants, Plaintiff had a mandatory, regular schedule, and he worked 6 days per week. Plaintiff worked from Monday to Friday, from 8:00 AM to 8:00 PM (12 hours every day). On Saturdays, Plaintiff worked from 8:00 AM to 5:00 PM (9 hours). Thus, Plaintiff worked a total of 66 hours weekly. Plaintiff has already deducted 3 hours corresponding to 30 minutes of the lunchtime that he took during the week.

14. Plaintiff regularly worked 66 hours and more every week, but he was not paid for his overtime hours. Plaintiff received payment for only 40 regular hours, plus a few overtime hours, at his regular rate. Plaintiff was paid a different number of hours every week.

15. In addition, during the week, Plaintiff worked two nights receiving vehicles to be repaired or sold. Plaintiff spent at least 2 hours each night, or 4 hours every week performing this duty. These 4 hours constituted more unpaid off-the-clock overtime hours that were not paid at any rate, not even at the minimum wage rate required by law.

16. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Plaintiff did not have access to check any record about his working hours. Defendants did not keep accurate records of hours worked each workday, each workweek, and earnings and wages paid to Plaintiff.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff complained numerous times about the lack of payment for overtime hours, but he did not get any solution.

19. On or about May 08, 2021, Plaintiff resigned from his position to pursue better employment opportunities.

20. Plaintiff EMIRO A. VARGAS seeks to recover overtime wages for every hour above 40 that he worked, liquidated damages, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff EMIRO A. VARGAS re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after December 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. The Employer D C AUTO WHOLESALE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an Auto Body Repair and Painting business providing general auto mechanic services. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

24. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that

were moved across State lines at any time during the business. Therefore, there is individual coverage.

25. Defendants D C AUTO WHOLESALE, JOSE DIAZ, and JODY E. DIAZ employed Plaintiff EMIRO A. VARGAS as a non-exempted, full-time, hourly employee from on or about December 01, 2020, to May 08, 2021, or 22 weeks.

26. Plaintiff was hired as a non-exempted auto body shop laborer, painter, and mechanic employee. Plaintiff's wage rate was $19.00 an hour. Plaintiff's overtime rate should be $28.50 an hour.

27. During his employment with Defendants, Plaintiff had a mandatory, regular schedule, and he worked 6 days per week a total of 66 hours weekly. Plaintiff has already deducted 3 hours corresponding to 30 minutes of the lunchtime that he took during the week.

28. Plaintiff regularly worked 66 hours and more every week, but he was not paid for his overtime hours. Plaintiff received payment for only 40 regular hours, plus a few overtime hours at his regular rate. Plaintiff was paid a different number of hours every week.

29. In addition, during the week, Plaintiff worked at the shop two nights receiving vehicles to be repaired or sold. Plaintiff spent at least 2 hours each night, or 4 hours every week performing this duty. These 4 hours constituted more unpaid off-the-clock overtime hours that were not paid at any rate, not even at the minimum wage rate required by law.

30. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Plaintiff did not have access to check any record about his working hours. Defendants did not keep accurate records of hours worked each workday, each workweek, and earnings and wages paid to Plaintiff.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

32. Plaintiff was paid weekly via Zelle, without any record or paystub showing the number of days and hours worked, wage rate paid, etc.

33. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

35. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    *Please note that this amount is based on preliminary calculations and that these figures could be subject to modifications. After discovery, Plaintiff will adjust his statement of claim to deduct any payment received for overtime hours.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Eighteen Thousand Eight Hundred Ten Dollars and 80/100 ($18,810.00)

    b. <u>Calculation of such wages</u>:

      Total period of employment:  22 weeks
      Total relevant weeks: 22 weeks
      Total hours worked: 70 hours weekly
      Total unpaid O/T hours:  30 O/T hours weekly
      Rate paid:  $19.00 x 1.5= $28.50 an O/T hour

      1.- O/T rate $28.50 x 26 O/T hours= $741.00 weekly x 22 weeks =$16,302.00
      3.- O/T rate $28.50 x 4 Off-the-clock O/T hours=$114.00 weekly
          $114.00 weekly x 22 weeks=$2,508.00

    Total # 1, and #2= $18,810.00

  c.  <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

37. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

38. At times mentioned, individual Defendants JOSE DIAZ and JODY E. DIAZ were and are now the owners/partners and managers of D C AUTO WHOLESALE.  Defendants JOSE DIAZ and JODY E. DIAZ were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in D C AUTO WHOLESALE interests

concerning its employees, including Plaintiff and others similarly situated. Defendants JOSE DIAZ and JODY E. DIAZ had financial and operational control of the business, provided Plaintiff with his work schedule. They are jointly and severally liable for Plaintiff's damages.

39. Defendants D C AUTO WHOLESALE, JOSE DIAZ, and JODY E. DIAZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EMIRO A. VARGAS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff EMIRO A. VARGAS and others similarly situated and against the Defendants D C AUTO WHOLESALE, JOSE DIAZ, and JODY E. DIAZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff EMIRO A. VARGAS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: January 12, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*